UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Magistrate Docket No. '08 MJ 1840 |
| Plaintiff, | ) |
| v. | ) COMPLAINT FOR VIOLATION OF: |
| **Salvador RAMIREZ-Quebedo,** | ) Title 8, U.S.C., Section 1326 |
| | ) Deported Alien Found in the |
| | ) United States |
| Defendant | ) |

The undersigned complainant, being duly sworn, states:

On or about **June 11, 2008** within the Southern District of California, defendant, **Salvador RAMIREZ-Quebedo**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS <u>13th</u> DAY OF <u>JUNE 2008.</u>

_____
Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Salvador RAMIREZ-Quebedo

## PROBABLE CAUSE STATEMENT

On June 11, 2008, at approximately 8:15 P.M., a Remote Video Surveillance System operator (RVSS) advised Border Patrol Agent L. Gonzalez of what appeared to be a group of six people in an area known as "Stewart's Bridge." This area is approximately two miles west of the San Ysidro port of entry and approximately 100 yards north of the Mexico/ United States International Boundary.

Agent Gonzalez responded to the reported location and after a brief search Agent Gonzalez found six individuals hiding in brush. Agent Gonzalez identified himself as a United States Border Patrol Agent and questioned all the individuals as to their citizenship and nationality. All six individuals including one later identified as the defendant **Salvador RAMIREZ-Quebedo**, admitted to being citizens and nationals of Mexico without any immigration documentation permitting him to enter or remain in the United States legally. At approximately 8:30 p.m., the defendant and the five other individuals were arrested and transported to Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **June 01, 2006** through **Calexico, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights and he stated that he understood his rights. Also, the defendant was willing to make a statement without an attorney present. The defendant stated under oath that he illegally jumped the United States / Mexico International Boundary fence. When again asked if he had any immigration documents in his possession that would allow him to legally enter into or be in the United States, he said, "No."